UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

|  |  |  |
|---|---|---|
| Christina Perry-Bey, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| City of Norfolk, | ) ) | No. 2:08cv100 |
| Defendant. | ) ) ) ) ) | |

**BRIEF OF AMICUS CURIAE NORFOLK BRANCH OF THE NATIONAL ASSOCIATON FOR THE ADVANCEMENT OF COLORED PEOPLE REGARDING MOTION TO DISMISS OF THE CITY OF NORFOLK**

I.  **INTRODUCTION**

After an eight year contest that included two published opinions from the district court, three published Fourth Circuit opinions, a remand from the United States Supreme Court, and a Supreme Court denial of a writ of *certiorari*, the federal courts compelled the City of Norfolk (the "City") to abandon at-large elections for its city council in *Collins v. City of Norfolk,* 883 F.2d 1232 (4th Cir. 1989). In 2006, the City added an eighth member to its city council that would be elected at-large, even though the *Collins*

1

court had previously enjoined the City from holding at-large elections. The City neglected an essential step – it did not get permission from the *Collins* court as required by Rule 60(b) of the Federal Rules of Civil Procedure.

Plaintiff Perry-Bey and the City have both asked this Court to decide whether the addition of a mayor that is elected at-large as an eighth member of the city council conflicts with the 1991 injunction enjoining at-large elections in the City. *Amicus*, a plaintiff in the *Collins* case, respectfully submits that this question should not be decided by this Court in the present matter. Instead, *amicus* submits that these issues need to be brought within the *Collins* matter in a proceeding under Rule 60(b) of the Federal Rules of Civil Procedure that includes the entire record of the *Collins* case as well as the current factual circumstances. Accordingly, *amicus* requests that this Court decline to decide issues in the present case relating to the 1991 injunction and leave those issues for a later proceeding in the *Collins* matter under Rule 60(b).

## II. ARGUMENT

### A. The court in *Collins v. City of Norfolk* enjoined at-large elections for Norfolk City Council

Defendant is subject to a permanent injunction enjoining at-large elections to the Norfolk City Council. This injunction came about as a result of a 1983 lawsuit against the City on behalf of the Norfolk Branch of the NAACP and African American voters registered in the City of Norfolk. Plaintiffs successfully contended that the City's use of at-large elections violated Section 2 of the Voting Rights Act because the at-large elections diluted the vote of the City's African Americans. *Collins v. City of Norfolk v. Virginia*, 883 F.2d 1232, 1235 (4th Cir. 1989). Of the hundreds of Section 2 vote dilution

2

cases that have been filed nationwide since 1982, *Collins* was one of the longest and most contested cases. It included two published opinions from the district court, three published Fourth Circuit opinions, a remand from the United States Supreme Court, and a Supreme Court denial of a writ of *certiorari*.[1]

Applying the three "preconditions" required by *Thornburg v. Gingles*, 478 U.S. 30 (1986), the Fourth Circuit court, in 1989, found that the at-large method of election violated Section 2 because African Americans were sufficiently large and geographically compact to constitute a majority in multiple single-member districts, that African Americans were politically cohesive, and that the white majority voted sufficiently as a bloc to enable it, in the absence of special circumstances, usually to defeat the candidates of choice of African American voters. *Collins*, 883 F.2d. at 1243. Accordingly, the Fourth Circuit then ordered the district court to enjoin the Defendants from using an at-large system to elect Norfolk City Council members:

> Upon remand the district court should enjoin at-large elections for city council. The district court should afford the city a reasonable, specified time to prepare a plan that will remedy the vote dilution arising out of the city's at-large electoral system. The city must then submit the plan for clearance under section 5 of the Voting Rights Act of 1965. 42 U.S.C. Sec. 1973c. If the city fails to enact a legal plan, the court should prepare a single district plan for the conduct of future elections. *See generally Wise v. Lipsc*omb, 437 U.S. 535, 98 S.Ct. 2493, 57 L.Ed.2d 411 (1978); *Cosner v. Dalton,* 522 F.Supp. 350, 363-64 (E.D.Va.1981) (three-judge court).

*Id.* at 1244. After the City's unsuccessful attempts at an *en banc* hearing before the Fourth Circuit, *Collins v. City of Norfolk*, 1989 U.S. App. LEXIS 16875 (4th Cir. Sept.

---

[1] *Collins v. City of Norfolk*, 605 F. Supp. 377 (E.D. Va. 1984), *aff'd*, 768 F.2d 572 (4th Cir. 1985), *vacated*, 478 U.S. 1016 (1986), *remanded* to 816 F.2d 1982 (4th Cir. 1989), *remanded* to 679 F. Supp. 557 (E.D. Va 1988), *rev'd*, 883 F.2d 1232 (4th Cir. 1989), *reh'g en banc denied*, 1989 U.S. App. LEXIS 16875 (4th Cir. Sept. 27, 1989), *cert. denied*, 498 U.S. 938 (1990).

27, 1989); and Supreme Court review, *City of Norfolk v. Collins*, 498 U.S. 938 (1990), the case was remanded to the district court for imposition of a remedy.

On January 3, 1991, the district court, following the mandate of the Fourth Circuit, reversed its earlier judgment and enjoined the City from conducting at-large elections for the city council. In relevant part, the district court's Order read:

> 1. Within sixty-five days after receipt of the 1990 Census for the City, the City Council of the City of Norfolk shall duly adopt after opportunity for public comment a remedial election plan and shall submit the same to the United States Department of Justice Under Section 5 of the Voting Rights Act. . . .
> . . .
> 4. Defendants are hereby enjoined from conducting at-large elections for the city council under the present plan under which all seven city council members are elected on an at-large basis and from implementation of a new plan until approved by this court.

*See* Exhibit B to Memorandum in Support of Motion of City of Norfolk to Dismiss Complaint Under Fed.R.Civ.P. Rules 12(b)(5) and 12(b)(6) ("Norfolk Memo"). The City and the *Collins* plaintiffs agreed on a remedial plan where the seven-member council would be elected from five single-member districts (two with black population majorities) and two superwards (one with a black population majority). On June 24, 1991, the Court entered a Final Judgment Order which entered this plan into effect:

> "it is ORDERED that [the hybrid single member ward – superward plan] is hereby approved as a remedy under Section 2 of the Voting Rights Act, and shall be implemented at the next regularly scheduled Norfolk City Council Election set for May 5, 1992.
>
> And it appearing that nothing further remains to be done in this cause, the Clerk shall enter this order upon the civil docket book as a Final Judgment Order and shall send a copy to each counsel of record.

*See* Norfolk Memo, Exhibit F.

4

### B. The Addition of an At-Large Elected Mayor Serving on the Norfolk City Council Conflicts with the *Collins* Injunction

The City Charter, as amended in 2005, clearly identifies the mayor as the eighth member of the city council. *See* Va. 2005 Act 897 which is attached hereto for changes in the City Charter discussed below. According to Section 5.1 of the City Charter: "[T]he city council shall consist of seven members as provided in section 3.2[2] and a mayor elected at-large." The Mayor also presides at city council meetings and votes on measures before the council. *Id.* at § 17.1. Indeed, the City of Norfolk's website confirms that the city council is composed of seven members who are elected through the ward system and a mayor who is elected at-large.[3]

The main concern of the *Collins* court was that electing the city council at-large was discriminatory. Having a mayor elected at-large to the city council reinstates, at least in part, the method of election that was challenged in *Collins* and found by the Fourth Circuit to be unacceptable. The *Collins* court noted that the Voting Rights Act protects minority voters "from a system of at-large voting that, tested by the principles explained in *Gingles*, gives them 'less opportunity than other members of the electorate to participate in the electoral process and to elect representatives of their choice.'" *Collins* at 1243. The Court was explicit in its guidance to the District court: "[E]njoin at-large elections for city council." *Id.* at 1244.

---

[2] Section 3.2 states that "[t]he City of Norfolk shall be divided into five (5) single-member wards numbered one through five, and the city shall also be divided into two single-member superwards numbered six and seven. Norfolk City Charter § 3.2.
[3] The City of Norfolk, "City of Norfolk – City Council Information," http://www.norfolk.gov/mayor/Info_Center/CityCouncil.html (last accessed on July 10, 2008).

C.  **Though Rule 60(b) provides a procedure for modifying a permanent injunction, the City has not reopened the *Collins* case to seek relief under Rule 60(b)**

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party can move the court for relief from a final judgment, order, or proceeding. The Rule sets out various grounds for relief, including that:

> the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

Fed. Rule of Civ. P. 60(b)(5). It is undisputed that the City has not sought relief under Rule 60(b) for adding an at-large member to the Norfolk City Council.

D.  **The City's arguments that at-large membership on the Norfolk City Council do not conflict with the *Collins* injunction are unavailing**

The City contends that adding an at-large member to the City council does not violate the *Collins* injunction because: (1) the injunction is no longer in effect, (2) the *Collins* court never said the injunction was permanent, (3) the *Collins* case is closed, and (4) the court "did not say that the plan could never change." Defendants Memo, at 8-9. Under the City's view, the *Collins* injunction terminated either at the time the *Collins* case was closed or some undetermined time shortly thereafter. Thus, according to the City, the City has had no legal obligation to follow the mandate of the Fourth Circuit and the district court in *Collins* for the last fifteen years or so. This argument is totally unavailing and contrary to law.

It is a basic legal tenet that "[p]ersons subject to injunctive order issued by the court with jurisdiction are expected to obey that decree until it is modified or reversed,

6

even if they have proper grounds to object to the order." *GTE Sylvania, Inc. v. Consumers Union of the United States*, 445 U.S. 375, 386 (1980). Moreover, in *United States v. United Mine Workers of America*, 330 U.S. 258, 294 (1947), the court asserted that an injunctive order must be "obeyed until it is expired or set aside by appropriate court proceedings."

In this case, the purpose behind the *Collins* case and the orders of the Fourth Circuit and district court was to eliminate at-large elections for city council because at-large elections discriminated against African American voters. The suggestion that the City was free sometime thereafter to restore a discriminatory method of election without getting court approval makes no sense.

Moreover, the fact that the case was closed is irrelevant. There is no need for a court to permanently keep open a case involving Section 2 vote dilution remedy that changes the method of election -- once the method of election has been changed, there is nothing for the court to do. Indeed, there have been several Section 2 cases in the Eastern District that have resulted in a change in the method of election and the standard procedure has been to close them.[4]

---

[4] *See, Feggins v. Horne*, Civ. No. CA-88-0865-R (E.D. Va. June 19, 1989)(closed Oct. 23, 1989); *King v. Blalock*, Civ. No. CA-88-0811-R (E.D. Va. June 6, 1989)(closed Oct. 23, 1989); *Brunswick County League for Progress v. Town Council of Lawrenceville*, Civ. No. 3:91CV00091(E.D. Va. June 19, 1991)(closed Nov. 5, 1991); *McDaniels v. Mehfoud,* 702 F. Supp. 588 (E.D. Va. 1988), 927 F.2d 596 (4 Cir. 1991)(closed Dec. 27, 1991); *Harris v. City of Hopewell,* Civ. No. 82-0036-R (E.D. Va. 1983)(closed 1992).

Like *Collins,* the court in *Harris v. City of Hopewell* enjoined the defendant's from using an at-large electoral system, and closed the case. It appears from the docket, however, that the case was reopened in 1992. This was about the time the City received preclearance from the Department of Justice to revert to an at-large method of election, which suggests the City of Hopewell reopened the *Harris* case to obtain court approval.

The City is correct that the *Collins* court "did not say that the plan could not change." But as discussed above in the previous section, when a court issues a permanent injunction it is not ordering relief that cannot be changed; it is ordering relief that can be changed with court approval under Rule 60(b).

In its defense, the City also contends that it went through extensive procedures before changing its method of election and that minority voters can bring another Section 2 case. Norfolk Memo at 9-10. While the City went through several procedural steps in adding an at-large seat, it never sought approval from the judiciary, which had found that at-large elections for Norfolk City Council were discriminatory and ordered the City to stop using at-large elections. The procedural steps employed by the City might be relevant in a Rule 60(b) proceeding but should not substitute for such a proceeding. In addition, minority voters had to litigate a Section 2 case for several years in order to eliminate at-large elections for Norfolk City Council once already. A second lawsuit should not be required.

### E.    The Issue of the *Collins* Injunction Is Improperly Before this Court

Both parties are asking the court to address an issue that belongs to a different proceeding. This Court has neither the record from the *Collins* case before it nor the record of changes in demographic or political life of the City that can help it to make a proper determination of the question of whether the at-large election of the mayor violates the 1991 *Collins* order.

As discussed above, the record of the *Collins* case encompasses eight years of litigation on the issue of whether the at-large system of elections violates Section 2 of the Voting Rights Act. The final determination was that it did. The City is arguing before this Court that the final determination in *Collins* should no longer hold. But this Court

8

does not have the record of the *Collins* case or the present day circumstances which are relevant to whether the City is entitled to a modification of the 1991 injunction. For example, no African American has been elected to the majority-white districts or superward or to any of the single-seat city wide offices, such as clerk of court and city attorney. Under the circumstances this Court is without the ability to address the effect of adding an at-large seat onto the Council in light of the findings and proscriptions of an earlier court. Before adding an at-large seat to the city council, defendant was obligated to ask the court in the original matter to modify or dissolve the injunction that it continues to remain under. The City did not do so. It is now improper for the City to ask this Court to rule on the validity of an order in another matter.

### III.   CONCLUSION

For the foregoing reasons, *amicus* requests that this Court not determine any issue in the present case that is related to the injunction issued in *Collins v City of Norfolk*.

Dated: August 15, 2008                    Respectfully submitted,

/s/ Ellen D. Marcus
Ellen D. Marcus (Virginia Bar. No. 44314)
emarcus@zuckerman.com
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
(202) 778-1800 (telephone)
(202) 822-8106 (facsimile)

Jon M. Greenbaum
Marcia F. Johnson-Blanco
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005
(202) 662-8600 (telephone)
(202) 628-2852 (facsimile)

*Attorneys for Norfolk Branch of the National Association for the Advancement of Colored People*

Angela Ciccolo
Interim General Counsel
Anson Asaka
Assistant General Counsel
National Association for the Advancement of Colored People
4805 Mount Hope Drive
Baltimore, Maryland 21215-3297
(410) 580-5790 (telephone)
(410) 358-9350 (facsimile)

*Of Counsel*

## **CERTIFICATE OF SERVICE**

I certify that on August 15, 2008, I electronically filed the foregoing Brief of Amicus Curiae Norfolk Branch of the National Association for the Advancement of Colored People Regarding Motion to Dismiss of the City of Norfolk with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF.

I further certify that the foregoing Brief was sent by U.S. mail to the following:

Christina D. Perry-Bey
2471 Vincent Avenue, Apartment B
Norfolk, Virginia  23509

/s/ Ellen D. Marcus
Ellen D. Marcus (Virginia Bar. No. 44314)
emarcus@zuckerman.com
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
(202) 778-1800 (telephone)
(202) 822-8106 (facsimile)

*Attorney for Norfolk Branch of the National Association for the Advancement of Colored People*